IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. GREENE,<br><br>          Plaintiff,<br><br>     vs.<br><br>JAMES TILTON, et al.,<br><br>          Defendants. | No. 2:09-cv-0793 JAM JFM (PC)<br><br>ORDER OF REFERRAL FOR<br>SETTLEMENT WEEK AND SETTING<br>SETTLEMENT CONFERENCE<br><br>June 12, 2013, 9:00 a.m. |

    Plaintiff is a state prisoner proceeding pro se in a civil rights pursuant to 42 U.S.C. § 1983. On March 13, 2013, the court issued a minute order requiring the parties to meet and confer to determine whether participation in a settlement conference would be beneficial. (ECF No. 73). On April 8, 2013, plaintiff responded that he was amenable to participating in settlement negotiations (ECF No. 77). On April 12, 2013, defendants responded that while the remedies sought by plaintiff may make ADR difficult and impractical, they do not object to alternative dispute resolution (ECF No. 79). The court has determined that this case will benefit from a settlement conference; therefore, this case will be referred to Magistrate Judge Kendall J. Newman for the court's Settlement Week Program to conduct a settlement conference at the U.S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 on June 12, 2013 at 9:00 a.m. A separate writ of habeas corpus ad testificandum will issue forthwith.

1

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on June 12, 2013, at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties are directed to exchange non-confidential settlement statements seven days prior to this settlement conference. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. Plaintiff shall either mail or deliver his settlement statement to the Clerk's Office, located on the 4th Floor.

////

////

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

1. If a party desires to share additional confidential information with the court, they may do so
2. pursuant to the provisions of Local Rule 270(d) and (e).
3. DATED: May 7, 2013.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE